# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MADELINE JENKINS**, individually and on behalf of persons similarly situated;<br><br>Plaintiff<br><br>v.<br><br>**OAK LODGE, LLC, PARC 73, LLC** and **MICHAEL STEVENS**;<br><br>Defendants. | Civil Action No. _____ |

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Plaintiff Madeline Jenkins ("Jenkins"), individually and on behalf of all others similarly situated, brings this action and alleges as follows:

### NATURE OF THE ACTION

1. This is a collective action brought on behalf of Jenkins, and on behalf of all similarly situated former and current employees of Oak Lodge, LLC, Parc 73, LLC or Michael Stevens (hereinafter referred to as "Plaintiffs" or the "FLSA Collective Plaintiffs"). Plaintiffs complain that Oak Lodge, LLC ("Oak Lodge") and Parc 73, LLC ("Parc 73"), through their common owner and manager Michael Stevens ("Stevens") (collectively referred to as "Defendants") engaged in a pattern or practice of unlawful conduct which resulted in the violation of Plaintiffs' rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

### JURISDICTION

2. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1337 (actions arising under Acts of Congress regulating commerce) and 29 U.S.C. § 216(b)

(the FLSA). The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

3. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district. *See* 28 U.S.C. § 1391(b).

## PARTIES

4. Jenkins is an individual of the full age of majority, domiciled in Baton Rouge, Louisiana, and worked for Defendants from June 6, 2015 through October 7, 2017. Jenkins routinely worked more than forty hours per week but was not paid overtime for all hours worked over forty in a workweek.

5. Named a defendant herein is Oak Lodge, LLC, a Louisiana limited liability company, authorized to do business in this State and doing business in this State, and with its domicile address within this District.

6. Named a defendant herein is Parc 73, LLC, a Louisiana limited liability company, authorized to do business in this State and doing business in this State, and with its domicile address within this District.

7. Named a defendant herein is Michael Stevens, an individual of the full age of majority residing in East Baton Rouge Parish, State of Louisiana, and an owner, manager, member, and registered agent of both Oak Lodge and Parc 73.

## FACTUAL ALLEGATIONS

8. The FLSA Collective Plaintiffs were hired by Defendants to work at one (or both) of two catering and reception facilities – Oak Lodge, which is located in Baton Rouge, and Parc 73, which is located in Prairieville. Both are commonly owned and managed by Stevens.

9. At all material times, the FLSA Collective Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

10. At all material times, the FLSA Collective Plaintiffs were the "employees" of Defendants within the meaning of the FLSA.

11. At all material times, Defendants were an "enterprise engaged in commerce" within the meaning of the FLSA.

12. The annual gross revenue of Defendants was in excess of $500,000 per year during the relevant time periods.

13. At all material times, the work performed by the FLSA Collective Plaintiffs was directly essential to the business performed by Defendants.

14. Plaintiffs routinely and as part of their regular duties for Defendants, worked interchangeably between Defendants' locations, which operate as a unified entity under a unified general management.

15. Parc 73 and Oak Lodge share common policies and practices related to Human Resources, payroll, and payment of wages and overtime.

16. Plaintiffs routinely worked more than forty hours per week for Defendants; however, Plaintiffs were not paid overtime for all hours worked over forty in a workweek.

17. Defendants operated under a scheme whereby they only paid overtime to employees who worked more than 80 hours during a biweekly pay period. As an example, if Plaintiff were to work 45 hours in one week, then 35 hours in the next, she would not be paid overtime for either week.

18. This scheme violates the FLSA, which requires that a non-exempt employee be paid overtime premiums "for a workweek longer than forty hours." 29 U.S.C. § 207(a)(1). Because Defendants do not calculate hours worked on a per-workweek basis, their policies violate the FLSA.

19. As part of her regular job duties, Plaintiff performed certain ministerial payroll tasks. She was responsible for gathering the information regarding hours worked by each employee, and sending it on to Defendants' payroll company. Plaintiff is therefore aware that this unlawful practice affected all of

Defendants' hourly employees.

20. Plaintiff had no authority to set corporate policies with respect to payment of overtime or wages. On information and belief, Stevens had sole authority to set those policies.

## JOINT EMPLOYER ALLEGATIONS

21. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

22. Defendants operate two catering and reception facilities in the greater Baton Rouge area.

23. Although Defendants make a showing of registering as individual business entities, both corporate Defendants have the same listed principal place of business and mailing address, and all are owned and operated by Defendant Stevens.

24. Defendants further share the same corporate policies, procedures, and employees, and Plaintiffs, as well as Defendants' other employees, were routinely scheduled to work among the two locations.

25. Defendants operate under common and unified management

26. At all pertinent times, Defendants operated in a concerted scheme to avoid and/or reduce the compensation owed to employees based on the FLSA's overtime requirement for hours worked over forty in a workweek, although Plaintiffs routinely worked more than forty total hours in a workweek for Defendants.

27. Defendants' purpose in paying Plaintiffs and other employees based on the 80-hour overtime period was to avoid or reduce the amount of compensation paid to these employees for the work they performed for Defendants in excess of forty hours per week.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

29. Jenkins brings this case as a collective action under the FLSA to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorney's fees and costs, and all other damages owed to her and all similarly situated employees of Defendants. The Collective is defined as:

> All hourly non-exempt employees of Oak Lodge, LLC, Parc 73, LLC, or Michael Stevens within the three years prior to the date of filing of this Complaint.

30. Upon information and belief, there are numerous members of the FLSA Collective Plaintiffs who have been affected by Defendants' improper policies and practices.

31. The precise number of FLSA Collective Plaintiffs can be easily identified and located using Defendants' timesheets, payroll, and personnel records. Given the composition and size of the FLSA Collective Plaintiffs, potential opt-in class members may be informed of the pendency of this Collective Action by direct mail, text message, and email.

32. This action is properly maintained as a collective action because Jenkins is similarly situated to the collective action members she seeks to represent. Jenkins and similarly situated employees were subject to the same uniform overtime policies, payment practices, and operational procedures. Defendants' willful policy or practice of failing to pay employees proper wages and overtime compensation for all hours worked over forty (40) hours per week, has affected Jenkins and similarly situated employees in the same fashion, and Jenkins is in the best position to represent all members of the FLSA class as a whole.

33. Defendants applied their unlawful employment and payment policies in the same manner to all potential members of the FLSA Collective Plaintiffs. Common issues of law and fact therefore predominate, and pursuing this matter as a collective action serves the most expeditious use of the Court's time and resources, as well as avoiding multiple actions on these issues with potential for differing or

inconsistent judgments.

34. Plaintiffs request the Court to authorize notice to the FLSA Collective Plaintiffs to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid minimum wages and overtime compensation and liquidated damages under the FLSA.

## COUNT ONE

## FAIR LABOR STANDARDS ACT – OVERTIME WAGES

35. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

36. Defendants were joint employers covered by the overtime pay mandates of the FLSA, and Plaintiffs and the FLSA Collective Plaintiffs are current and former employees entitled to the FLSA's overtime protections.

37. The FLSA requires that employees who work over forty hours in a workweek receive overtime compensation "not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1) and 29 U.S.C. § 215(a)(2).

38. Defendants violated the FLSA by failing to pay Plaintiffs and the FLSA Collective Plaintiffs the legally mandated hourly overtime premium for hours worked over forty in a workweek when Plaintiffs often worked many hours in excess of forty hours.

39. Defendants' failure to pay Plaintiffs and FLSA Collective Plaintiffs federally-mandated overtime is the result of a deliberate scheme whereby which Defendants sought to avoid or reduce paying overtime by claiming that they did not owe overtime to Plaintiffs and other employees unless they worked in excess of 80 hours per two-week period.

40. Plaintiffs and the FLSA Collective Plaintiffs were, and are, entitled to be paid at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for those hours worked in excess of

forty (40) hours for each workweek.

41. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Jenkins and the FLSA Collective Plaintiffs as if they were exempt from coverage under 29 U.S.C. §§ 201 through 219, disregarding the fact that they were not exempt.

42. At all material times, Defendants failed to maintain proper time records as mandated by the FLSA.

43. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate the FLSA Collective Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for the hours worked in excess of forty (40) hours per workweek when Defendants knew, or should have known, such was and is due.

44. Defendants have failed to properly disclose or apprise the FLSA Collective Plaintiffs of their rights under the FLSA.

45. Due to the intentional, willful, and unlawful acts of Defendants, the FLSA Collective Plaintiffs suffered lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

46. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

47. Jenkins' consent to file this Complaint is evidenced by her signature on the FLSA Consent Form that is attached as an exhibit hereto.

48. Plaintiffs are entitled to an award of prevailing party attorney's fees and costs pursuant to the FLSA.

49. Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Jenkins, on behalf of herself and the FLSA Collective Plaintiffs, respectfully prays for judgment against Defendants as follows:

a. An injunction prohibiting Defendants from engaging in future overtime pay violations;

b. Payment of unpaid overtime wages to the FLSA Collective Action Plaintiffs;

c. Liquidated damages and monetary penalties to the fullest extent permitted under the law;

d. Litigation costs, expenses, and attorney's fees to the fullest extent permitted under the law;

e. Legal interest and such other and further relief as this Court deems just and proper.

f. In the event that Plaintiffs do not recover liquidated damages as allowed, then Plaintiffs demand an award of prejudgment interest as a lesser alternative to liquidated damages.

Respectfully submitted,

*/s/ Robert B. Landry III*
Robert B. Landry III, T.A. (#18998)
rlandry@landryfirm.com
**ROBERT B. LANDRY III, PLC**
5420 Corporate Boulevard, Suite 204
Baton Rouge, Louisiana  70808
Telephone:   (225) 349-7460
Facsimile:   (225) 349-7466

    AND

  Charles J. Stiegler, #33456
STIEGLER LAW FIRM LLC
 318 Harrison Ave., Suite 104
 New Orleans, La. 70124
 (504) 267-0777 (telephone)
 (504) 513-3084 (fax)
 Charles@StieglerLawFirm.com

**COUNSEL FOR PLAINTIFFS**