IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

MADELINE JENKINS, individually )
and on behalf of persons similarly situated; )
)
    Plaintiff )    No. 17-01673-SDD-RLB
)
v. )    Judge Shelly Dick
)    Mag. Richard Bourgeois
OAK LODGE, LLC, PARC 73, LLC )
and MICHAEL STEVENS; )
)
)
    Defendants. )

**ORDER GRANTING JOINT MOTION FOR COLLECTIVE CERTIFICATION FOR PURPOSES OF SETTLEMENT**

Before the Court is the Joint Motion for Collective Certification for Purposes of Settlement filed by Plaintiff Madeline Jenkins and Defendants Oak Lodge, LLC, Parc 73, LLC, and Michael Stevens. [Dkt. #15]. The motion is hereby GRANTED as set forth below.

**A.   Conditional Certification and Notice**

The parties first request that this action be conditionally certified as a collective under the Fair Labor Standards Act ("FLSA"). At the conditional certification stage in FLSA cases, the Plaintiff must submit "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Perkins v. Manson Gulf, L.L.C.*, 2015 U.S. Dist. LEXIS 21427, at *9 (E.D. La. Feb. 23, 2015). Here, the parties agree that there is a "single decision policy, or plan" which links the claims of Plaintiff Jenkins and the other members of the putative collective – specifically, Defendants' practice of paying overtime only for individuals who work more than 80 hours in a two-week period. *See Gatlin v. Mitchell*, 287 F.2d 76 (5th Cir 1961) (finding that such a pay plan violates the FLSA). Defendants do not dispute that they have

underpaid overtime in this manner, and the Court therefore finds that a collective should be conditionally certified as set forth in the Complaint: "All hourly non-exempt employees of Oak Lodge, LLC, Parc 73, LLC, or Michael Stevens within the three years prior to the date of filing of this Complaint."

Once a collective is conditionally certified, notice is sent to members of the collective to inform them of the pending lawsuit and provide them with the opportunity to join the action by opting in. *Lang v. DirecTV, Inc.*, 2011 U.S. Dist. LEXIS 150047, at *13 (E.D. La. Dec. 30, 2011). The parties propose to provide notice by U.S. Mail, and to post notice of the action at Defendant's facilities. The request is GRANTED, and the members of the collective shall be granted thirty days to opt into the action. The Court further finds that the proposed form of notice attached to the motion fairly and accurately represents the contents of the lawsuit and the proposed settlement, and hereby approves that notice. Plaintiff's counsel shall be responsible for preparing individual notices and mailing them to members of the collective.

Defendants are ordered to provide the relevant contact information for all members of the collective to Plaintiff's counsel within seven days of the date of this Order, so that they may timely effectuate the notice.

**B.    Settlement Approval**

The parties also ask that the Court approve the proposed settlement amounts as set forth in the declaration of Charles Stiegler, counsel for Plaintiff [Dkt. #15-2]. Both Stiegler and Defendant Michael Stevens affirm that they have reviewed the relevant time and pay records for all members of the collective. The proposed settlement amounts account for all unpaid overtime which may be owed to the members of the collective according to those records, plus 100% of the liquidated damages which are available pursuant to 29 U.S.C. § 216(b). (*See* Declaration of Michael Stevens,

Dkt. #15-1, and Declaration of Charles Stiegler, Dkt. #15-2). The Court finds that this proposed settlement, which is based on the employees' actual time and pay records, and provides for recovery of 100% of the liability which may be owed by the Defendants in this case, is fair and reasonable, and is the result of an arms-length transaction between experienced counsel who reviewed the relevant information and documents prior to filing this motion. Moreover, each individual's settlement amount is set forth in his or her opt-in notice, and the decision to opt in this action acts as an implicit consent to the proposed settlement. The proposed settlement is hereby APPROVED. All members of the collective who timely opt into this action shall therefore be paid the sums set forth in Exhibit A to the Declaration of Charles Stiegler. [Dkt. #15-1].

**C.  Attorney's Fees and Costs**

A prevailing plaintiff in an FLSA action is entitled to recover reasonable attorneys' fees and costs. 29 U.S.C. § 216(b). Here, the parties agree that Plaintiff is entitled to recover her fees and costs as prevailing party, but state that the full amount of fees and costs cannot be determined at this time. Plaintiff shall therefore file a motion seeking her reasonable fees and costs after the close of the thirty day opt-in period in this action.

Baton Rouge, Louisiana the 6th day of July, 2018.

_Shelly D. Dick_
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA