IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MADELINE JENKINS, individually and on behalf of persons similarly situated;    )<br>)<br>) | |
| Plaintiff    ) | Civil Action No. 17-01673-SDD-RLB |
| ) | |
| v.    ) | Judge Shelly Dick |
| ) | Mag. Richard Bourgeois |
| OAK LODGE, LLC, PARC 73, LLC and MICHAEL STEVENS;    )<br>)<br>)<br>) | |
| Defendants.    ) | |

**UNOPPOSED MOTION FOR SETTLEMENT APPROVAL**

Plaintiff Madeline Jenkins ("Jenkins"), individually and on behalf of all others similarly situated, hereby files this Unopposed Motion for Settlement Approval under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The parties have agreed to settle the claims at issue here in exchange for full relief to the plaintiffs – 100% payment of all unpaid overtime to the named plaintiff and the seven opt-in plaintiffs, plus payment of liquidated damages. The parties have also agreed to payment of the Plaintiff's reasonable attorney's fees and costs, as set forth below.

**BACKGROUND AND PROCEDURAL HISTORY**

This is a collective action brought by Jenkins on her own behalf, and on behalf of all similarly situated former and current employees of the Defendants. Defendants own and operate a pair of reception halls, one in Baton Rouge and one in Prarieville. Plaintiffs allege that Defendants underpaid overtime by calculating overtime based on a biweekly pay period (80 hours over two weeks) rather than paying overtime for hours worked over 40 in a single workweek, as required by 29 U.S.C. § 207 of the FLSA.

Plaintiff filed her Complaint on November 17, 2017. Dkt. #1. Defendants answered on January 19, 2018. Dkts. # 8, 9, 10. The parties engaged in early settlement discussions, and Defendants provided Plaintiff's counsel with the full time and pay records for the members of the collective. Based on these records, Plaintiff was able to determine the amount of unpaid overtime owed to each employee and, on May 3, 2018, the parties filed a Joint Motion for Collective Certification for Purposes of Settlement. Dkt. #15. This motion set forth the names of all the potential members of the collective, as well as the parties' calculation of the total sums which Defendants owed to each. The Court granted the motion for Conditional Certification and approved the request for issuance of collective-wide notice on July 6, 2018. Dkt. #17.

On July 9, 2018, counsel for Plaintiff mailed all members of the collective a notice of this lawsuit and a form which they could sign if they wished to join as an opt-in plaintiff. The notice informed the employees of the underlying claims at issue in this action, and set forth each one's individual settlement payment. The opt-in period expired on August 9, 2018. Seven individuals submitted signed consents to join this action, and those documents were submitted to the Court on August 10, 2018. Dkt. #18.

## ARGUMENT

I.  **THE PROPOSED SETTLEMENT IS FAIR AND REASONABLE, AS IT AWARDS THE MAXIMUM POSSIBLE TO EACH PLAINTIFF**

There is a "strong presumption" in favor of judicial approval of a jointly agreed-upon settlement of an FLSA action. *Camp v. Progressive Corp.*, 2004 U.S. Dist. LEXIS 19172, *14-18 (E.D. La. Sept. 23, 2004) (*citing Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). In reviewing a proposed settlement of an FLSA action, the "Court must assess whether the proposed settlement is both (1) the product of a bona fide dispute over the FLSA's provisions and (2) fair and reasonable." *Istre v. La. Tank Specialties, LLC*, 2016 U.S. Dist. LEXIS 28662, *3 (E.D. La. Mar. 7, 2016). Here, the proposed

settlement reflects 100% of the potential damages to which the employees are entitled, *plus* payment of 100% of the liquidated damages which may be ordered pursuant to 29 U.S.C. § 216(b). In short, all Plaintiffs who opted into this action will be made whole for all unpaid overtime which they worked, in addition to the payment of the full statutory penalties available under the FLSA. Moreover, the parties have agreed to a settlement which covers the maximum 3-year prescriptive period allowable under 29 U.S.C. § 255. Were the matter to proceed to trial, Defendants would have asserted, as a defense, that any violation was not "willful" and that the shorter 2-year prescriptive period should apply.

This Court has already found that the individual settlement figures are fair and reasonable. *See* Dkt. #17, p. 3. The parties therefore request that the Court order payment of sums to each of the following plaintiffs, in the following amounts, within fourteen days of the date of the Order granting this motion:

- Madeline Jenkins:      $995.76
- Christine Bruce:       $1,232.40
- Daniel Godber:         $29.04
- Emily Musselman:       $204.32
- James Mitchell:        $1,168.50
- Kerri Pourciau:        $451.58
- Randall Melinie:       $191.48
- Savannah White:        $144.98

## II. PLAINTIFFS ARE ENTITLED TO REASONABLE ATTORNEY FEES AND COSTS

Plaintiffs, as the prevailing parties in this action, are entitled to recovery of "reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The Fifth Circuit has held that "reasonable" fees and costs are to be determined based on a lodestar calculation,

which takes into account each attorney's reasonable hourly rate, and the number of hours expended on the litigation. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2016).

Here, Plaintiffs seek recovery of $11,052.00 in attorney's fees, and $574.55 in recoverable costs. Defendants concede that these figures are reasonable and do not oppose this request. Attorney Robert B. Landry has recorded 9.5 hours of work on this matter at his regular hourly rate of $400, for a total of $3,800. (Decl. Of Robert B. Landry III, ¶¶ 9-10). Attorney Charles Stiegler has recorded 25.9 hours of work on this matter at his regular hourly rate of $280, for a total of $7,252.00. (Decl. Of Charles Stiegler, ¶¶ 8-9). The parties acted diligently in minimizing fees incurred in this case, and successfully negotiated a resolution, with full relief to the named Plaintiff and opt-in Plaintiffs, without undergoing expensive formal discovery, depositions, and motion practice.

Notably, Plaintiffs are *not* seeking recovery for the time which their attorneys spent in preparing the instant motion for settlement approval, to which they would otherwise be entitled. *See Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985) (A prevailing party "is entitled to attorney's fees for the effort entailed in litigating a fee claim and securing compensation.")

The requested fees are reasonable, given the efficient manner in which this case was litigated and the excellent relief which was obtained for the plaintiffs. The Court should therefore order payment of attorneys' fees and costs in accordance with the parties' agreement.

## CONCLUSION

WHEREFORE, the Plaintiffs request that the Court issue an order granting final approval of the settlement, order Defendants to pay the opt-in plaintiffs in the sums set forth above, and approve the requested award of attorney's fees and costs.

Respectfully Submitted,

*/s Charles J. Stiegler*
Charles J. Stiegler, #33456
STIEGLER LAW FIRM LLC

        318 Harrison Ave., Suite 104
        New Orleans, La. 70124
        (504) 267-0777 (telephone)
        (504) 513-3084 (fax)
        Charles@StieglerLawFirm.com

        AND

        Robert B. Landry III
        Robert B. Landry III (#18998)
        rlandry@landryfirm.com
        ROBERT B. LANDRY III, PLC
        5420 Corporate Boulevard, Suite 204
        Baton Rouge, Louisiana 70808
        Telephone: (225) 349-7460
        Facsimile: (225) 349-7466

        COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

     I hereby certify that on the 6th day of September 2018, I served the above Unopposed Motion For Settlement Approval, along with all accompanying documents, on counsel for all parties to this action by operation of the Court's electronic CM/ECF system.

                      /s Charles J. Stiegler